NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 7 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY MARIE TUCKER, | No. 20-36063 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00068-TJC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted December 10, 2021**
San Francisco, California

Before: GOULD and COLLINS, Circuit Judges, and EZRA,*** District Judge.

Appellant Kimberly Marie Tucker ("Appellant") applied for Supplemental

Security Income ("SSI") on January 22, 2013, alleging she was unable to work due

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

to impairments including impingement of the bilateral shoulders, osteoarthritis of the right shoulder, degenerative disc disease of the cervical spine, obesity, major depressive disorder, anxiety disorder, posttraumatic stress disorder, and personality disorder. Appellant's claims were initially denied on February 28, 2013, and were denied upon reconsideration on October 4, 2013.

Before this court is Administrative Law Judge Michele M. Kelley's decision, dated February 15, 2019,[1] denying Appellant's application for SSI, which Magistrate Judge Timothy J. Cavan affirmed on October 14, 2020. Appellant then filed the present appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the Magistrate Judge's decision affirming the ALJ's denial of benefits *de novo*. *See Webb v. Barnhart*, 433 F.3d 683, 685–86 (9th Cir. 2005).

Appellant contends Administrative Law Judge Michele M. Kelley (the "ALJ") erred by not (1) providing specific and legitimate reasons for rejecting certain medical opinion evidence; (2) identifying the portions of Appellant's testimony the ALJ found not credible and explaining the evidence undermining her testimony; and (3) incorporating all of Appellant's impairments in the hypothetical posed to the vocational consultant. Appellant also argues her case should be remanded for an award of benefits. We hold that the ALJ did not commit

---

[1] The ALJ's February 2019 decision was her second in this case because the ALJ's initial decision denying benefits, dated February 13, 2015, was remanded by the district court for further proceedings.

2

reversible error on any of the grounds Appellant asserts and affirm the district court's judgment.

In order to reject Appellant's medical opinion evidence, the ALJ was required to "make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). The ALJ explained her decision to discount certain aspects of the medical opinion evidence Appellant provided by describing in detail the opinions' inconsistencies (1) with the providers' own records and opinions; (2) with the observations and opinions of other medical sources; and (3) with Appellant's own testimony and activities. By "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings[,]" the ALJ met the applicable burden of providing specific and legitimate reasons based on substantial evidence in the record. *Id.* at 753 (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986))

Because the ALJ rejected portions of Appellant's testimony, the ALJ was required to offer "specific, clear and convincing reasons for doing so." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). In making a credibility determination, ALJs may "consider inconsistencies either in the claimant's testimony or between the

testimony and the claimant's conduct, . . . and whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted), *superseded on other grounds by* 20 C.F.R. § 404.1502(a); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (holding ALJ properly discounted the claimant's testimony based on inconsistencies in the testimony, claimant's daily activities, and the objective medical evidence).

Here, the ALJ offered a detailed description of the internal inconsistencies in Appellant's testimony and daily activities, as well as how Appellant's testimony conflicted with medical evidence in the record. The ALJ thus properly provided specific, clear, and convincing reasons for discounting Appellant's testimony.

Finally, Appellant contends the ALJ erred by failing to include every functional limitation Appellant claims in the hypothetical posed to the vocational expert. She cites *Embrey v. Bowen*, 849 F.2d 418 (9th Cir. 1988), in support. However, *Embrey* specifically provides that limitations must be included in an ALJ's hypothetical "[u]*nless* the record indicates that the ALJ had specific and legitimate reasons for disbelieving a claimant's [limitation evidence]." *Id.* at 423 (emphasis added). Here, the ALJ's hypothetical mirrored Appellant's residual functional capacity, which the ALJ determined based on her credibility findings and evaluation of the medical evidence. Thus, because we conclude that there was

no error in the ALJ's consideration of Appellant's testimony and medical opinion evidence, we also hold that the ALJ did not err by including in the hypothetical only those limitations she found applicable.

We conclude that the ALJ's decision is free of reversible error and affirm.

**AFFIRMED.**